IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILLIP SUDLER,** : | Civil Action No. 12- |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. : | |
| **BOROUGH OF WEST CHESTER,** | |
| **CPL. JOSHUA LEE,** : | |
| Badge Number 127, and | |
| **OFFICER ALBERT McCARTHY,** : | |
| Badge Number 135, | |
| individually and as police officers for the : | |
| West Chester Police Department | |
|     410 East Gay Street : | |
|     West Chester, PA 19380 | |
|         Defendants : | |

**COMPLAINT**
**I. JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision. Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

**II. PARTIES**

2. Plaintiff Phillip Sudler is a resident of Downingtown, Pennsylvania and at all times relevant to this action was in the Eastern District of Pennsylvania.

3. Defendant Borough of West Chester is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the West Chester Police Department which employs defendants Lee and McCarthy.

4. Defendants Joshua Lee and Albert McCarthy (hereinafter "the defendant officers") are

police officers for the West Chester Police Department who, at all times relevant to this action, acted under color of state law.  The defendant officers are being sued in their individual capacities.

    5.  At all relevant times, all defendants were acting in concert and conspiracy and their actions deprived the plaintiff of his constitutional and statutory rights.

    6.  At all times relevant to this Complaint, all defendants acted under color of state law.

### III.  FACTUAL ALLEGATIONS

    7.  On November 19, 2011, at 9:56 P.M., George Foraker reported to the West Chester Police Department that, just a few minutes earlier, he was the victim of an attempted robbery. The crime took place in the parking lot of the Bradford Plaza Shopping Center at 698 Downingtown Pike in West Chester, PA.  A Giant Store is located in that shopping center.

    8.  Defendants Lee and McCarthy immediately came to the scene.  Mr. Foraker told the police that the perpetrator was a black male wearing a black hooded jacket and jeans.

    9.  While at the scene, defendant McCarthy went to check the video surveillance cameras that continuously film the interior of the Giant Store.

    10.  Shortly thereafter, defendant McCarthy watched the surveillance video, but only for the time period 9:28 to 9:45 P.M.

    11.  While viewing the surveillance video for that time period, defendant McCarthy saw a man, later identified as plaintiff Phillip Sudler, inside the Giant Store.  Mr. Sudler, an African American man, was wearing a dark hooded sweatshirt and jeans.

    12.  Defendant McCarthy did not view the video past 9:45 P.M.

    13.  Mr. Foraker was not asked to view the surveillance video to determine whether the

perpetrator of the attempted robbery was the man depicted in the video.

14. On November 20, 2011, defendant McCarthy and another officer received information that the man depicted in the surveillance video – the plaintiff – had returned to the Giant Store.

15. Defendant McCarthy, without cause or justification, arrested Mr. Sudler for the robbery of Mr. Foraker.

16. Mr. Sudler was handcuffed and transported to the West Chester Police Department.

17. The arrest of Mr. Sudler was undertaken without probable cause.

18. Prior to the arrest, the defendant officers failed to conduct a reasonably thorough investigation and ignored available exculpatory evidence.

19. Defendants Lee and McCarthy, without cause or justification, subjected Mr. Sudler to a lengthy interrogation during which the officers sought, through threats and coercion, to extract a confession. Mr. Sudler denied any involvement in the attempted robbery, and told the officers that he had been inside the Giant Store at the time the crime took place.

20. The same night, defendant Lee viewed the surveillance video and reported, falsely, that Mr. Sudler was seen exiting the Giant Store before the attempted robbery had occurred.

21. Defendant Lee provided misleading, incomplete and false information to a Chester County Assistant District Attorney in an effort to seek approval for the arrest of Mr. Sudler for charges related to the attempted robbery of Mr. Foraker on November 19, 2011.

22. As a direct result of the actions and conduct of the defendant officers, and without cause or justification, Mr. Sudler was arrested and charged with robbery and related offenses. Mr. Sudler was held until his arraignment on November 21, 2011, at which time bail was set in

the amount of $75,000.00.  Mr. Sudler was unable to post bail and was sent to the County jail.

23.  Mr. Sudler was arrested, charged and remanded into custody because the defendant officers failed to conduct an even rudimentary investigation and ignored available exculpatory evidence, all of which negated and tainted any finding of probable cause to believe that Mr. Sudler had committed the attempted robbery.

24.  The defendants failed to advise Mr. Sudler or his counsel of the existence of highly exculpatory evidence, i.e. the surveillance video.

25.  Mr. Sudler's criminal defense attorney subsequently obtained a copy of the Giant Store surveillance video.

26.  The surveillance video was available to the defendant officers at all times from the night of the attempted robbery on November 19, 2011.

27.  The video shows that Mr. Sudler was continuously inside the store from at or before 9:18 PM through 10:00 PM.  The video thus proves that Mr. Sudler was inside the Giant Store at the time Mr. Foraker was accosted in an outdoor parking lot, and that Mr. Sudler did not exit the store until after the attempted robbery was committed and reported to the police.

28.  The video findings were provided to the Chester County District Attorney's Office.  On motion of the prosecution, all charges against Mr. Sudler were nolle prossed on June 15, 2012.

29.  As a result of the actions and conduct of the defendant officers, Phillip Sudler was incarcerated for nearly seven months for a crime that he did not commit and, in fact, could not have committed.

30.   The defendant officers, alone and/or in concert and conspiracy, without cause or

justification, and without conducting a reasonable investigation to determine whether Mr. Sudler had violated Pennsylvania law, caused Mr. Sudler to be arrested, detained and prosecuted for a crime where evidence available to the defendants at the time of the arrest demonstrated the plaintiff's innocense.

31. At no time did Mr. Sudler engage in any actions or conduct that justified his arrest, detention and prosecution.

32. Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States, Chester County or the Borough of West Chester, or engage in any conduct which justified the actions of all defendants.

33. The unlawful arrest, detention and prosecution in this case were the direct result of all defendants' pattern, practice and custom of subjecting citizens such as the plaintiff to arrest and detention in the absence of probable cause or other lawful ground.

34. Defendants Lee and McCarthy acted wilfully, deliberately, maliciously or with reckless disregard of the plaintiff's constitutional and statutory rights.

35. As a direct and proximate result of the actions of all defendants, the plaintiff suffered severe psychological harms, prolonged incarceration, pain and suffering, damage to reputation, some or all of which may be permanent, as well as loss of employment and other financial losses.

36. All defendants engaged in the aforesaid conduct for the purpose of violating the plaintiff's constitutional rights by subjecting the plaintiff to unlawful arrest, detention and prosecution.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

37. Plaintiff incorporates by reference paragraphs 1-36 of the instant Complaint.

38. As a direct and proximate result of all defendants' conduct, committed under color of state law, plaintiff Phillip Sudler was deprived of the right to be free from an unlawful arrest, unlawful detention, malicious prosecution, the right to be secure in ones' person and property, and to due process of law.  As a result, the plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

39. As a direct and proximate result of the acts of all defendants, the plaintiff sustained injuries, emotional harm, loss of liberty and financial losses, all to his detriment and harm.

40. Defendant Borough of West Chester has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. Unlawful arrests and detentions by police officers;

   b. The proper exercise of police powers, including but not limited to unlawful arrests and detentions made in the absence of probable cause or any lawful ground;

   c. The proper exercise of police powers, including but not limited to the failure to conduct reasonably thorough investigations as a predicate to a finding of probable cause to arrest;

   d. The proper exercise of police powers, including but not limited to the failure to consider available exculpatory evidence that establishes the absence of probable cause to arrest;

   e. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

f.  Police officers' use of their status as police officers to undertake unlawful arrests, detentions and prosecutions, or to achieve ends not reasonably related to their police duties;

g.  The failure of police officers to advise defendants and their counsel of the existence of exculpatory evidence in a timely manner; and

h.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the powers to arrest, detain, and initiate criminal prosecutions under such circumstances as presented in this case.

41.  Defendant Borough of West Chester failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other West Chester police officers, thereby causing and encouraging the police, including the defendant officers in this case, to violate the rights of citizens such as plaintiff.

42.  By the above actions and conduct, the defendants have deprived the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

43.  Plaintiff incorporates by reference paragraphs 1-42 of the instant Complaint.

44.  The acts and conduct of defendants Lee and McCarthy in this cause of action constitute false arrest, false imprisonment, malicious prosecution, defamation, invasion of privacy – casting in a false light, and civil conspiracy under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiff requests the following relief:

a. Compensatory damages as to all defendants;

b. Punitive damages as to the individual defendants;

c. Reasonable attorney's fees and costs as to all defendants;

d. Such other declaratory and further relief as appears reasonable; and

e. A jury trial as to each defendant and as to each count.

 S/ Paul Messing
Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, MESSING & FEINBERG
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
Counsel for Plaintiff